a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MAHFUZUR RAHMAN SIDDIQ** **#A241-061-846,** Petitioner | CIVIL DOCKET NO. 1:25-CV-00446 SEC P |
| **VERSUS** | **JUDGE EDWARDS** |
| **MELISSA HARPER ET AL,** Respondents | **MAGISTRATE JUDGE PEREZ-MONTES** |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Mahfuzur Rahman Siddiq ("Siddiq"). Siddiq is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges the legality of his continued detention.

Because Siddiq failed to comply with the Court's Order, the Petition should be DISMISSED WITHOUT PREJUDICE.

I.  Background

Siddiq alleges that he is a native of Saudi Arabia and citizen of Bangladesh. ECF No. 1 at 10. He entered the United States on November 20, 2011, and was ordered removed on June 25, 2024. *Id.* Siddiq asserts that he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because ICE does not have flights to his country. He was ordered to amend the Complaint by May 30, 2025, to provide support for his claim. ECF No. 6. To date, no amended petition has been filed.

II. **Law and Analysis**

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. *See* Fed. R. Civ. P. 41(b). The dismissal may occur upon the motion of a defendant or the Court's own motion. The authority to dismiss *sua sponte* is provided to "achieve the orderly and expeditious disposition of cases"; to "prevent undue delays"; and to "avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962); *see also Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 251 (5th Cir. 1984); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980).

Siddiq failed to comply with the Court's Order to amend, and he has not requested an extension of time within which to comply. Therefore, the Petition should be dismissed under Rule 41.

III. **Conclusion**

Because Siddiq failed to comply with the Court's Order, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, July 18, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE